IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| KELLI GREEN ERWIN, § | |
|     Plaintiff § | |
| § | CIVIL ACTION NO. 16-cv-33 |
| V. § | |
| § | |
| SOUTHEAST SERVICE CORPORATION, § | ORIGINAL COMPLAINT |
|     Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, KELLI GREEN ERWIN, hereinafter referred to as Plaintiff, and complains of SOUTHEAST SERVICE CORPORATION, hereinafter referred to as Defendant, and would respectfully show this Honorable Court as follows:

### I. Parties

1.1   Plaintiff Kelli Green Erwin is a citizen of the State of Texas and a resident of Galveston County in the Southern District of Texas.

1.2   Defendant Southeast Service Corporation is a Tennessee corporation authorized to conduct business in the State of Texas and can be served with process by serving its registered agent, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Travis County, Texas 78701.  Service upon this Defendant is in accordance with Rule 4(h)(1) of the Federal Rules of Civil Procedure.  This Defendant has consented to the general jurisdiction of the State of Texas by appointing an in-state agent for service in this state.

## II.  Jurisdiction and Venue

2.1    This court has subject matter jurisdiction based on complete diversity of the parties.  Plaintiff is a citizen and resident of Texas and Defendant, Southeast Service Corporation, is a Tennessee corporation with its principal place of business in Tennessee. Damages to the Plaintiff exceed $75,000.00, the minimum jurisdictional limit of this Court.

2.2    Venue is proper and maintainable in the United States District Court for the Southern District of Texas because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas.

## III.  Facts

3.1    On or about July 21, 2015 , Plaintiff Kelli Green Erwin suffered serious and permanent bodily injury and required immediate medical attention as a direct result of an incident caused by a dangerous condition on the premises of Texas A&M University at Research Park on a bridge near Technology Loop and Research Parkway in College Station, Texas.  Plaintiff's serious and debilitating injuries occurred as a result of a wooden bridge collapsing due to rotten timbers.  As she walked on the bridge, it gave way causing her to fall through the timbers.  The bridge had been allowed to remain in its dangerous condition even though it was located in an area designed for use by patrons of the park area.  There were no warning signs to notify Plaintiff and the general public of the dangerous condition of the bridge.  As a result, Plaintiff was unable to identify any risks and potential dangers and  was unsuspecting of the unsafe condition of the bridge.

3.2    At the time of the incident in question, Plaintiff was an invitee on the property in question, the maintenance of which was at all times hereto under the management and

control of Defendant Southeast Service Corporation, d/b/a SSC Service Solutions. At no time did Plaintiff do or fail to do anything which caused or in any way contributed to the incident at issue. Plaintiff received no warnings prior to the incident and was without fault. Said incident was proximately caused by the negligence of Defendant and/or Defendant's agents, servants, employees and/or representatives. Plaintiff suffered severe injuries that were the result of the incident in question and required medical treatment.

## IV. Negligence/Premises Liability

4.1   The conduct of Defendant Southeast Service Corporation, and that of Defendant's agents, servants, employees, and/or representatives constituted negligence as that term is understood in law and such conduct was the proximate cause of the occurrence made the basis of this suit and Plaintiff's injuries.

4.2   At the time and on the occasion in question, Defendant Southeast Service Corporation owed duties to Plaintiff, including but not limited to the following, and, by various acts and omissions, breached these duties, each of which singularly or in combination, was a proximate cause of the occurrence in question and Plaintiff's injuries:

(a)   In failing to maintain the premises in a reasonably safe manner;

(b)   In failing to warn Plaintiff of the dangerous condition of the rotten timbers on the pedestrian bridge;

(c)   In permitting the bridge to remain in its dangerous state in spite of being notified of the dangers;

(d)   In failing to properly train its employees on how to eliminate dangerous conditions on premises;

(e)   In failing to properly supervise its employees in their maintenance, inspection and repair of the subject bridge;

(f) In inadequately and improperly maintaining and/or repairing the wooden bridge in question; and

(g) In failing to inspect the wooden bridge for a hazardous condition in a proper and timely manner.

Plaintiff would show that such negligence proximately caused damages to Plaintiff as more fully described below.

4.3  At the time of the incident in question, Defendant Southeast Service Corporation under the terms of a valid Landscape Maintenance Services Agreement with The Texas A&M University System had exclusive control over the real property where the incident took place, the wooden bridge in question.  Additionally, based on the contract between Defendant and The Texas A&M University System, Defendant was solely responsible for the maintenance and upkeep of the bridge in question.  Defendant maintained control over the premises in question and the means, methods and details for maintaining the bridge.  Defendant owed and assumed a duty to provide safe premises.  The condition of the wooden bridge posed an unreasonable risk of harm in that the wooden timbers were allowed to rotten and deteriorate and to remain in a dangerous condition prior to Plaintiff's injury.  Defendant's employees had actual knowledge or should have known of the dangerous condition of the wooden bridge prior to the incident, but failed to take corrective action.  Specifically, Defendant breached its duty of ordinary care by failing to adequately warn Plaintiff and by failing to make the unreasonably dangerous condition safe.  Defendant's failure to exercise reasonable care proximately caused the incident in question and resulting damages.

## V. *Respondeat Superior*

5.1	Plaintiff states that at the time of the occurrence made the basis of this suit, the individuals responsible for the maintenance, repair, upkeep and inspection of the wooden pedestrian bridge were acting in the capacity as an agent, servant, and/or employee of Defendant, Southeast Service Corporation, and were acting within the course and scope of their authority as such.  Therefore, the doctrine of *Respondent Superior* should be applied to Defendant, Southeast Service Corporation, and it should be held responsible for the acts of its agents and/or employees and/or servants.

5.2	Plaintiff states that the foregoing Defendant and its agents, representatives, servants and/or employees are jointly and severally liable for her damages and injuries.

## VI. Damages

6.1	Plaintiff incorporates herein the preceding portions of this complaint.  As a direct and proximate result of Defendant's negligence, Plaintiff, Kelli Green Erwin, suffered serious and disabling injuries to her back, hips, legs, arms, knees and body generally, and has specifically suffered the following damages, among others:

- a. Physical pain and suffering sustained in the past and, in all reasonable probability, that Plaintiff will sustain in the future;
- b. Mental anguish sustained in the past and, in all reasonable probability, that Plaintiff will sustain in the future;
- c. Loss of earning capacity in the past;
- d. Loss of future earning capacity;
- e. Medical expenses incurred in the past;
- f. Medical expenses Plaintiff will, in all reasonable probability, incur in the future;

g. Disfigurement and impairment sustained by the Plaintiff;

h. Disfigurement and impairment Plaintiff will, in all reasonable probability, incur in the future; and

i. All other elements of damage to which Plaintiff may show herself to be entitled to under law.

## VII. Interest

7.1   Plaintiff seeks to recover pre-judgment and post-judgment interest as allowed by law.

WHEREFORE, Plaintiff requests that the Defendant be cited in terms of law to appear and answer herein and that upon final trial and hearing, Plaintiff have and recover from Defendant, Southeast Service Corporation, damages in accordance with the evidence; costs of court herein expended; interest to which Plaintiff is justly entitled under the law, both pre- and post-judgment; actual damages; compensatory damages; and such other further relief, both general and special, both at law and in equity, to which Plaintiff may be justly entitled.

**THE LAW OFFICE OF**
**DANIEL D. HOROWITZ, III, PC**

By:   **/S/ DANIEL D. HOROWITZ, III**
DANIEL D. HOROWITZ
State Bar No. 24036804
SDT No. 33144
800 Sawyer Street
Houston TX  77007
832-460-5181
832-266-1478 Facsimile
daniel@ddhlawyers.com

**LEAD ATTORNEY FOR PLAINTIFF**